Jon Michael GUY, Petitioner–
Appellant,

v.

Eddie WILSON, Warden, Wyoming
State Penitentiary; Gregory A. Phil-
lips, Attorney General, State of Wyo-
ming, Respondents–Appellees.

No. 11–8087.

United States Court of Appeals,
Tenth Circuit.

March 26, 2012.

Diane E. Courselle, University of Wyo-
ming College of Law, Laramie, WY, for
Petitioner–Appellant.

David Louis Delicath, Office of the At-
torney General for the State of Wyoming,
Cheyenne, WY, for Respondents–Appel-
lees.

Before MURPHY, EBEL, and HARTZ,
Circuit Judges.

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

MICHAEL R. MURPHY, Circuit
Judge.

This matter is before the court on Jon
Guy's request for a certificate of appeala-
bility ("COA"). Guy seeks a COA so he
can appeal the district court's denial of his
28 U.S.C. § 2254 petition. 28 U.S.C.
§ 2253(c)(1)(A). Because Guy has not
"made a substantial showing of the denial
of a constitutional right," *id.* § 2253(c)(2),
this court **denies** his request for a COA
and **dismisses** this appeal.

A Wyoming jury convicted Guy on a
single count of attempted second-degree
murder, in violation of Wyo. Stat. Ann.
§§ 6–1–301(a)(I) and 6–2–104. On direct
appeal, the Wyoming Supreme Court af-
firmed Guy's conviction. *Guy v. State,* 184
P.3d 687, 701 (Wyo.2008). Having ex-
hausted his state-court remedies, Guy filed
the instant § 2254 habeas petition in feder-
al district court. In a thorough thirty-nine
page order, the district court denied Guy's
request for habeas relief, concluding the
Wyoming Supreme Court's resolution of
Guy's claims was neither contrary to, nor
an unreasonable application of, clearly es-
tablished Supreme Court precedent. 28
U.S.C. § 2254(d); *see also Harrington v.
Richter,* —— U.S. ——, 131 S.Ct. 770, 786–
87, 178 L.Ed.2d 624 (2011) ("As a condition
for obtaining habeas corpus from a federal
court, a state prisoner must show that the
state court's ruling on the claim being
presented in federal court was so lacking
in justification that there was an error well
understood and comprehended in existing
law beyond any possibility for fairminded
disagreement.").

The granting of a COA is a jurisdictional
prerequisite to Guy's appeal from the dis-
missal of his § 2254 petition. *Miller–El v.
Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029,
154 L.Ed.2d 931 (2003). To be entitled to
a COA, Guy must make "a substantial
showing of the denial of a constitutional
right." 28 U.S.C. § 2253(c)(2). To make
the requisite showing, he must demon-
strate "reasonable jurists could debate
whether (or, for that matter, agree that)
the petition should have been resolved in a
different manner or that the issues pre-
sented were adequate to deserve encour-
agement to proceed further." *Miller–El,*
537 U.S. at 336, 123 S.Ct. 1029 (quotations
omitted). In evaluating whether Guy has
satisfied his burden, this court undertakes
"a preliminary, though not definitive, con-
sideration of the [legal] framework" appli-
cable to each of his claims. *Id.* at 338, 123
S.Ct. 1029. Although Guy need not dem-
onstrate his appeal will succeed to be enti-

tled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Guy's appellate filings, the district court's Order, and the entire record before this court, we conclude Guy is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out by the district court in its order denying Guy habeas relief. Accordingly, this court **DENIES** Guy's request for a COA and **DISMISSES** this appeal.